## AS TO LIABILITY FOR THE BITE OF A DOG.

Court of Appeals for Hamilton County.

JOSEPH MEHMERT v. MARTHA KELSO.

Decided, April 19, 1916.

*Animals—Damages for the Bite of a Dog—Necessary Allegations to Establish Liability Under the Present Law.*

1. A verdict of $500 as damages for the bite of a dog will not be disturbed, where it is shown that as a consequence the plaintiff was confined to her home for six weeks and was in a highly nervous condition at the time of trial.

2. The common law rule that "every dog is entitled to one bite" has been supplanted in Ohio by Section 5838, and under this section it is sufficient, in an action for damages on account of the bite, to show that the defendant was the owner or harborer of the dog without regard to knowledge that he was vicious or fierce.

*Cramer & Headley,* for plaintiff in error.
*Harry Hess,* contra.

GORMAN, J.

The action below in the Superior Court of Cincinnati was brought by defendant in error to recover damages resulting from a dog bite.

Plaintiff averred that she had been severely bitten by a large dog, harbored and kept by plaintiff in error; that said dog was fierce and dangerous and accustomed to bite mankind, all of which was well known to plaintiff in error, and was allowed to run at large. She claimed $5,000 general damages and $89.55 special damages in the way of doctor's bill and expenses of nursing and medicine. A general denial was filed.

On the trial a verdict was rendered in favor of defendant in error in the sum of $500. A special verdict or finding was also returned by the jury at the request of plaintiff in error as follows:

"The defendant requests the court to instruct the jury to answer in writing the following question: First. Was the defendant Joseph Mehmert the owner or harborer of the dog causing the alleged injury to plaintiff? Answer: Yes.

"WARREN WILDER, *Foreman.*"

A motion for a new trial having been denied, error is prosecuted to this court, and a judgment of reversal is asked. Three grounds of error are set out, viz.:

1. That the damages are excessive.

2. That the verdict is not sustained by sufficient evidence and is contrary to law.

3. That the court erred in refusing four special charges requested by defendant below.

As to the first ground, it is not seriously claimed that $500 is an excessive verdict under the evidence in the case, which disclosed that Mrs. Kelso was severely bitten, confined to her house for six weeks, obliged to employ a distinguished surgeon and a nurse and was at the time of the trial in a highly nervous condition as the result of the dog bite. If she was entitled to recover at all, the verdict was inadequate rather than excessive.

As to the second ground of error, it may be said that there was sufficient evidence to sustain the verdict. Furthermore, on the main issue in the case the jury found in its special verdict or finding that the defendant Joseph Mehmert was the owner or harborer of the dog that bit Mrs. Kelso, and there can be no question but that the evidence was sufficient to warrant such a finding. If he was either the owner or the harborer of the dog, and the plaintiff was bitten by it, then regardless of the viciousness or fierceness of the dog the defendant was liable in law for the injuries sustained by plaintiff. Section 5838, General Code.

The common law rule, sometimes tersely put that "every dog is entitled to one bite," has no application now when there is afforded a remedy under the above cited statute.

Ignorance of the dog's vicious propensities does not relieve the owner or harborer from liability. *Job* v. *Harlan,* 13 Ohio St., 485; *Gries* v. *Veck,* 24 Ohio St., 329.

As to the third ground of error claimed, the refusal of the court to give special charges 2, 3 and 4, it is sufficient to say that a perusal of these charges as set forth in the record satisfies us that the defendant below was not entitled to have any one of them given.

The second special charge ignores entirely the question of whether or not the defendant harbored the dog, but in a complex, involved and long drawn out charge, based not upon the evidence of the case, but upon defendant's theory of what constitutes harboring, the court was asked to tell the jury that if certain conditions existed then defendant was not the harborer of the dog in question.

The third special charge is open to the same criticism as the second charge asked, in that it asks the court to tell the jury that unless the defendant acted towards the dog as owners usually do, he could not be found to be the harborer of the dog.

The fourth special charge ignores entirely the question of the harboring of the dog by defendant, and further seeks to relieve him from liability if the dog was owned by his son and the biting did not take place on defendant's premises.

The general charge of the court was as favorable to defendant as he had a right to ask. Indeed, it was more favorable than defendant was entitled to have it. The verdict was neither contrary to law nor against the weight of the evidence.

We are of the opinion that no complaint can be fairly made in this case by the defendant, and that substantial justice has been done.

Judgment affirmed.

Jones (E. H.), J., and Jones (Oliver B.), J., concur.